IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAUL J. PARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>BNC MORTGAGE, INC., OPTION ONE MORTGAGE CORPORATION, WELLS FARGO & COMPANY, HENRY M. PAULSON, JR. or successor SECRETARY OF THE TREASURY, UNITED STATES, and MICHAEL B. MUKASEY, or successor U.S. ATTORNEY GENERAL,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING OPTION ONE MORTGAGE CORPORATION'S MOTION TO DISMISS<br><br><br>Case No. 2:09-CV-333 TS |

    This matter is before the Court on Defendant Option One Mortgage Corporation's ("Option One") Motion to Dismiss. The Motion is unopposed. In the underlying case, Plaintiff alleges that Option One and other co-defendants fraudulently induced Plaintiff to enter into a mortgage on his property with the intent of depriving him of his property. For the reasons set forth below, the Court will grant the motion.

    In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most

1

favorable to the non-moving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court is not "bound to accept as true a legal conclusion couched as a factual allegation."[4] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[7]

Because Plaintiff proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[8] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atlantic*, 550 U.S. at 555.

[5] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

requirements."[9]  No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[10]

Plaintiff is a Utah resident.  Defendant BNC Mortgage, Inc. ("BNC") is a Delaware corporation. Defendant Option One is a California corporation. Defendant Wells Fargo & Company ("Wells Fargo") is an Iowa corporation.  Plaintiff has also listed as parties the United States Secretary of the Treasury and the United States Attorney General.  Plaintiff is the owner of a parcel of land in Salt Lake City, Utah.  In July 2006, Plaintiff executed a promissory note for $256,000 to BNC (the "Note").  Under the terms of the Note, Plaintiff was to make monthly payments to the holder of the Note.  In August 2006, BNC transferred the Note to Option One, and in September 2006, Option One transferred the Note to Wells Fargo.

Plaintiff made a total of twenty-four monthly payments but is now in danger of losing his property in foreclosure proceedings.  Plaintiff argues that he was never loaned any real asset because he received only Federal Reserve Notes which, Plaintiff argues, have no value because the United States Government "is and has been in a bankruptcy since at least 1933."[11]  All of Plaintiffs causes of action are based upon this premise.

Even construing the Complaint liberally, none of the causes of action state a claim upon which relief can be granted against Option One.  Option One was a holder in due course of the Note for a period of less than two months, and nowhere does Plaintiff allege any wrongful acts by Option One.

---

[9]*Id*.

[10]*Id*.

[11]Compl., ¶ 23.

It is therefore

ORDERED that Defendant Option One Mortgage Corporation's Motion to Dismiss (Docket No. 3) is GRANTED.

DATED   June 12, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge