IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAUL J. PARKER,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br>BNC MORTGAGE, INC., et al.,<br><br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br><br>Case Nos. 2:09-CV-333 TS;<br>2:09-CV-336 |

## I.  BACKGROUND

This matter is before the Court on the Motion to Dismiss filed by Defendants Henry M. Paulson, Jr. or successor U.S. Secretary of the Treasury, United States and Michael B. Mukasey, or successor U.S. Attorney General, as Alien Property Custodian (collectively the "Federal Defendants").  In the Motion, the Federal Defendants argue that Plaintiff's claims must be dismissed for failure to properly serve the Federal Defendants, because the claims are barred by the doctrine of sovereign immunity, and because the complaint fails to set forth a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff filed two separate sets of claims which have been consolidated by order of the Court.[1]  In both cases, Plaintiff filed suit in order to stop foreclosure of property for which Plaintiff had executed mortgages and promissory notes.  In addition to claims brought against the various holders of the mortgages and promissory notes, Plaintiff filed suit against the Federal Defendants in their roles as Secretary of the United States Department of the Treasury and the United States Attorney General.  The Federal Defendants filed their Motion to Dismiss on July 7, 2009.  Plaintiff has failed to file a response and the time for responding has passed.

Because Plaintiff proceeds *pro se,* the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[2]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[3]  No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[4]  Even reviewed under this lenient standard, however, it is clear that the Court must dismiss Plaintiff's claims against the Federal Defendants for lack of jurisdiction, as the claims against the Federal Defendants are barred by the doctrine of sovereign immunity.

_____

[1]Docket No. 14.

[2]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3]*Id*.

[4]*Id*.

2

## II.  DISCUSSION

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[5] "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"[6] "Any such waiver must be strictly construed in favor of the United States."[7]  "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."[8]

The Complaints filed by Plaintiff only briefly mention the Federal Defendants, doing so only to reference their alleged responsibility in rendering the relief sought by Plaintiff, namely to preserve Plaintiff's ownership of the property and return monies paid.  As pleaded by Plaintiff, these alleged responsibilities can only be effectuated by individuals in their official capacities as Secretary of the Treasury and Attorney General.  As such, Plaintiff's claims against the Federal Defendants are claims against the United States.

Plaintiff has not identified an express waiver of sovereign immunity, but lists two statutes, "46 USC 748" and "50 App USC 7, 9, 32,"[9] which, he claims, authorize the actions requested.  There

---

[5]*United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[6]*Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)); *Federal Trade Commission v. Kuykendall*, 466 F.3d 1149, 1154 (10th Cir. 2006).

[7]*Ardestani v. Immigration & Naturalization Service*, 502 U.S. 129, 137 (1991).

[8]*Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

[9]Compl. at 19.

3

is no statute which matches the citation given by Plaintiff, but even taking Plaintiff's description, there is no waiver of sovereign immunity implied, much less expressed. The second statute is known as the Trading with the Enemy Act which is clearly inapplicable here. Even if it were applicable to the facts of this case, there is no waiver of sovereign immunity. The Court is unaware of any express waiver of sovereign immunity which could be applied to allow Plaintiff's claims. The Court, therefore, lacks jurisdiction to hear Plaintiff's claims and they must be dismissed.

III.  CONCLUSION

It is therefore

ORDERED that the Federal Defendants' Motion to Dismiss (Docket No. 12) is GRANTED.

DATED   August 28, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

4